{¶ 10} I write separately to highlight for those engaged on this issue to point out that in my view R.C. 2929.11(B) does not impose a duty on a trial judge at sentencing. Rather, I would submit that this section has been misconstrued; it is after all only a legislative statement outlining the purposes of felony sentencing. Had the legislature intended for the sentencing trial courts of this state to engage in the kind of review forecasted in State v. Lyons, Cuyahoga App. No. 80220, 2002-Ohio-3424, and as Smith here suggests, it could have mandated such an obligation by incorporating language as it did with its directions for trial judges when imposing more than a minimum sentence (R.C. 2929.14(B)), when imposing a maximum sentence (R.C. 2929.14(C)), and when imposing a consecutive sentence (R.C. 2929.14(E)(4)). It did not do so.
 {¶ 11} Since our role is not to make the law, but rather to interpret it, I offer my view that R.C. 2929.22(B) does not impose any discretionary or mandatory duty or burden on a court in sentencing a criminal defendant. See State v. Bolton, Cuyahoga App. No. 80263, 2002-Ohio-4571.
 {¶ 12} For this reason, I concur with the judgment reached by today's majority.